MIRIAM SPAULDING *vs.* DAVID RECORD *et als.*

Oxford, 1874.—June 1, 1876.

*Poor debtor.*

It is the right of the creditors to choose one of the justices to take the disclosure of a poor debtor under R. S., c. 113, §§ 24 and 42, and when this right is denied him the justices taking the disclosure have no jurisdiction and their proceedings are void.

Parol evidence is admissible to prove that the justices had no jurisdiction.

ON REPORT.

DEBT on poor debtor's bond.

*A. M. Pulsifer*, *W. W. Bolster* and *J. R. Hosley*, for the plaintiff.

*W. K. Kimball*, for the defendants.

DICKERSON, J. This is an action on a poor debtor's bond.

The defendants claim that one of the conditions of the bond has been fulfilled, and introduce the record of the discharge of David Record, the original debtor and principal defendant, in "proof thereof, signed by George D. Bisbee and Gilbert Barrett, two justices of the peace and quorum, and dated the 18th day of April, A. D. 1873.

The plaintiff contends that the justices had no jurisdiction of the case for the reason that neither of them was selected by the creditor. Though the record shows that George D. Bisbee, one of the justices, was chosen by the creditor, we think that it is erroneous. The parol evidence shows that Seth Sampson, esq., was the creditor's attorney in the original suit, that he brought the suit on the bond and was present at the taking of the disclosure and claimed the right to choose one of the justices as attorney for the creditor. Bisbee testifies that he was selected by William F. Spaulding, son of the creditor, but Spaulding swears that he was not agent or attorney for the creditor, that Sampson requested him to get Bisbee to approve the bond, that he did so, and that "he supposed that he chose him for the whole

thing." Bisbee doubtless labored under the misapprehension that Spaulding had authority to choose him as justice for the plaintiff; but his mistake ought not to be allowed to deprive the plaintiff of her legal rights. It was the right of the plaintiff to choose one of the justices, and her counsel was present and insisted on this right. The proceedings of the justices were *coram non judice,* and constitute no bar to the forfeiture of the conditions of the bond. It is competent in such cases to prove by parol evidence that the justices had no jurisdiction. *Williams* v. *Burrill,* 23 Maine, 144. *Ware* v. *Jackson,* 24 Maine, 166.

> *Judgment for plaintiff for the penal sum mentioned in the bond in suit. Execution to issue for the amount due upon the judgment or execution on which the principal defendant was arrested.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.